The opinions delivered, sufficiently explain the facts, upon the reasons filed.
Kirkpatrick. C. J.
This cause was tried on Saturday the 16tli of August 1817, and there is seen among the papers accompanying the certiorari, an affidavit stating that the verdict was rendered by the jury, and received by the justice, about four o’clock on Sunday morning. And though this is not assigned as a reason for the reversal of the judgment, yet something was said about it at the bar-
.Bv what authority that affidavit was taken, does not appear. *But be it by what authority it may, and be the fact ever so well established, it certainly does not vitiate the judgment. When the jury are so unfortunate as not to agree until they encroach on the Lord’s day, it is a work of necessity, then to receive their verdict. It is uniformly done by all the courts in New-Jersey.
But there is another difficulty in the case, which is assigned as a reason of reversal. The trial was on Saturday the 16th of August, the verdict was rendered, say, on Sunday morning, at four o’clock, being the 17th, and the judgment was entered on Tuesday the 19tli, and that without adjournment, in the absence of the parties, and without notice to attend. This is irregular. The defendant has a right to be present to hear his judgment; and an opportunity must be given to him for that purpose, either by adjournment or notice.
This has been heretofore adjudged more than once, but probably before the appointment of a reporter.
Let the judgment be reversed.
Justice Rossell concurred with the Chief Justice.
Southard J.
The first objection to this judgment is ■founded upon the state of demand, which is said to contain two counts which cannot legally be joined. The first count states, in substance, that the plaintiff, at the request of the defendant, loaned him a horse worth 75 dollars; *178 to be used and worked by the defendant. That defendant to take care of and deliver the horse to the when requested so to do; that not regarding his promises and assumptions” &c., he did not return the horse, nor take due and proper care of him; but hampered and fastened his head with a rope to one of his legs, in a negligent and careless manner, so that he became “ entangled, strangled, and choaked to death.”
The second count is a formal count in trover, for this horse.
The objection taken to the joining of these two counts, is, that the first is upon a contract, and the second in trover. The objection is incorrectly taken. The first count is laid ex delido of the defendant. The claim of the plaintiff arises, not from a breach of an assumpsit to pay money, but from damages resulting from the malfeasance of the defendant. It is a case of tort, in which the same plea may be and was pleaded, and the same judgment may be rendered as in trover. The two counts may therefore *well stand together. I cannot distinguish this case from that of Dixon v. Clifton. 2 Wilson, 319. The first and second counts there, were against a carrier for so negligently carrying malt, as to suffer it to be embezzled and lost. The third count was in trover, and the declaration was held well. Many cases support this doctrine. The case cited from Pen. 3S2, does not appear to me to be applicable to the principle of this case. Three items were joined, in debt; in case; in trespass. The same plea and judgment would not answer.
2. The second objection, taken to this judgment is founded upon certain affidavits from which it satisfactorily appears, that the cause being tried on Saturday, the jury did not agree and render their verdict, until 3 or 4 o’clock on Sabbath morning; when, it is alleged, no verdict could be received; and Pen. 856 and 900 are cited to support the position. In the first case referred to, it appeared that the horse about which the suit was brought, was sold on the Sabbath and the sale was therefore argued to be void. But, though Judge Pennington, in. delivering his own, and (so far as appears by the report) the opinion of the court; inclined to think, that the -act in Pat. 329, *179 would prevent the court from aiding in the execution of a contract, made for goods “ cried, shewed forth, or exposed to sale” on Sunday; yet he was not prepared to that all contracts made on that day, were void : nor he deny the legality of the particular sale in dispute, or the sufficiency of the judgment, on that ground. This case, therefore, will not be found to aid the position contended for. In the other case, in Pen. 900, one of the court says, that if “ the judgment was reudered on Sunday, it must be reversed.” It does not, from the report however, appear satisfactorily that this was the opinion of the whole court; and it is to be remarked that there is a strong distinction between that opinion and this case. A judgment need, in no case, necessarily be rendered on the Sabbath; a verdict must in some instances be received on that day, or the jury be dismissed without receiving a verdict at all, from their hands.
In 1 Bur. 292, Pierce v. Fauconberg; the verdict was rendered on the Sabbath; recorded; and judgment upon it. I understand there are many instances of the like kind, in the circuits in New-Jersey; and although it is the solemn duty, both of courts and juries, so to arrange their business, and so to discharge their duties, as never to encroach, in the smallest degree on the Sabbath; if it be possible to avoid it; yet where the jury have been compelled to reach the morning of that day, before their vex’dict was prepared; I see no mode of proceedixxg so proper, as to receive the verdict; dismiss the jury and parties; and at such future day as may be conveniexxt and proper, take the subsequent proceedings. This must be doxxe ex necessitate.
Upon the third point, I exxtertain the opinion expressed by the Chief Justice. The defendant is entitled to the privilege of heax-ing judgmexxt i*endered. He caix take certain steps upon its renditioxx, which he may think essexxtial to his interests, axxd of the benefits of -which he would be deprived, were it rendered in his absence, and without notice. If therefore the justice is not prepared to render judgment upon the coxxclusioxx of the trial, it is his duty to inform him when he may attend for the purpose.
*180 Upon the third reason, therefore, I concur in the reverof the judgment.
Judgment reversed.